**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Swain v. Harris,* Slip Opinion No. 2018-Ohio-4066.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4066

THE STATE EX REL. SWAIN, APPELLANT, *v.* HARRIS, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Swain v. Harris,* Slip Opinion No. 2018-Ohio-4066.]**

*Habeas Corpus—Erie County ceded to Ohio in the Treaty of Fort Industry—Court of appeals' dismissal of petition affirmed.*

(No. 2018-0464—Submitted June 26, 2018—Decided October 10, 2018.)

APPEAL from the Court of Appeals for Warren County, No. CA2018-01-009.

_____

**Per Curiam.**

{¶ 1} Appellant, Sean Swain, appeals the judgment of the Twelfth District Court of Appeals dismissing his petition for a writ of habeas corpus. We affirm.

**Background**

{¶ 2} Swain was convicted of aggravated murder in 1991, but his conviction was reversed on appeal and the cause was remanded back to the Erie County Common Pleas Court. *State v. Swain*, 6th Dist. Erie No. E-91-80, 1993 WL

434581, *1, 8 (Oct. 29, 1993).  In 1995, Swain was retried, convicted of murder and aggravated murder, and sentenced to life in prison with the possibility of parole after 20 years.  *See State v. Swain*, 6th Dist. Erie No. E-95-011, 1996 WL 402026, *1 (July 19, 1996) (affirming Swain's 1995 conviction).  He is currently incarcerated at the Warren Correctional Institution.

{¶ 3} On January 17, 2018, Swain filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals against appellee, Warden Chae Harris. Swain alleged that the trial court in which he was convicted lacked jurisdiction because it was operating outside the territory of Ohio.  According to Swain, Erie County is located in land recognized as sovereign Native American Territory under Article III of the Treaty of Greenville, signed August 3, 1795.

{¶ 4} Warden Harris filed a motion to dismiss.  On March 8, 2018, the court of appeals granted Harris's motion to dismiss, stating that "despite [Swain's] argument to the contrary, he was convicted by a court of competent jurisdiction." Swain timely appealed.

## Legal analysis

{¶ 5} On appeal, Swain continues to maintain that his conviction and sentence are void based on the terms of the Treaty of Greenville.  He is correct that the Treaty of Greenville fixed the western boundary of the United States so that today's Erie County was not included in the Ohio Territory but remained in the possession of Native Americans.  Ohio History Central, *Treaty of Greenville (1795)*, http://www.ohiohistorycentral.org/w/Treaty_of_Greenville_(1795) (accessed September 5, 2018).  However,

> following the Treaty of Greenville, numerous other treaties were
> entered whereby the various Native-American tribes residing in the
> region "ceded land to the United States in a piecemeal fashion." *See*
> *Ottawa Tribe of Oklahoma v. Logan*, 577 F.3d 634, 637 (6th

Cir.2009). By the end of the 1830s, the tribes "had conveyed all of their lands in Ohio to the United States," and "[b]y 1839, the main tribal organization had transferred to Kansas." *Id*. at 636.

*Coffey v. Warden, Warren Corr. Inst.*, S.D.Ohio No. 1:16-cv-353, 2016 WL 7106238, *2 (Dec. 5, 2016).

{¶ 6} Specifically, in the Treaty of Fort Industry—which was signed on July 4, 1805—representatives of the Wyandot (Huron), Ottawa, Objibwe (Chippewa), Munsee, Lenape (Delaware), Potawatomi, and Shawnee tribes relinquished 500,000 acres of land south of Lake Erie and west of the Cuyahoga River in northeastern Ohio to the United States. Ohio History Central, *Treaty of Fort Industry (1805)*, http://www.ohiohistorycentral.org/w/Treaty_of_Fort_Industry_ (1805) (accessed Sept. 5, 2018). That territory, known then and now as the Firelands (or the Sufferers' Land), included all of present-day Erie County, including Sandusky, the county seat where Swain was tried and convicted. *See* Firelands Council of Historical Societies, *About the Firelands*, http://firelandsohio.ericebinger.com/?page_id=2 (accessed Sept. 5, 2018); *see also* 1 Howe, *Historical Collections of Ohio in Two Volumes*, 565 (1904).

{¶ 7} Swain's assertion that Erie County was never ceded to the United States is incorrect. Therefore, he has stated no basis for relief in habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

————————————

Sean Swain, pro se.

Michael DeWine, Attorney General, and Stephanie Watson, Assistant Attorney General, for appellee.

————————————